**SHELL OIL CO. v. NATIONAL LABOR RELATIONS BOARD.**

No. 13800.

United States Court of Appeals Fifth Circuit.

May 10, 1952.

As Amended on Denial of Rehearing June 17, 1952.

638

Oliver L. Stone, New York City, Geo. C. Schoenberger, Jr., New Orleans, La., for petitioner.

Owsley Vose, Atty., A. Norman Somers, Asst. Gen. Cnsl., and David P. Findling, Assoc. Gen. Cnsl., National Labor Relations Board, all of Washington, D. C., for respondent.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

Found guilty of unfair labor practices [1] and ordered to cease and desist therefrom and to make restitution to three discharged employees, Shell Oil Company has petitioned this court for relief from the order.[2]

The Board answering the petition and seeking enforcement, the matter is before us for determination, on the record as a whole, whether, as petitioner claims, the findings are without adequate support and the order must be set aside, or, as the Board claims, find support in the record and the order must be enforced.

Intent, the one upon overthrowing, the other upon sustaining the findings and order, each in brief and oral argument has sought to magnify the facts upon which it relies, each has sought to minimize the facts relied on by the other.

To the petitioner, the statements and acts of Petree, and others in responsible positions with the company, made in connection with the efforts of some of its employees to promote the cause of the union, appear reasonable, fair, and just, and fully in accordance with, and protected by, the Labor Management Act, 29 U.S.C.A. § 141 et seq.

To the Board, these statements, these actions, appear Machiavelian, made and done with the deliberately unfair purpose of discouraging unions but cunningly planned and carried out to keep the promise of fairness and noninterference to the ear, while breaking it to the hope.

To the petitioner, the discharge of Scovel, after he had been apprehended while taking company gasoline or drainings, was but visiting upon him the just consequences of his wrongful conduct, an inherent power of management and one expressly protected by the Statute. N.L.R.B. v. Russell Mfg. Co., 5 Cir., 191 F.2d 358.

To the Board, this discharge was a deliberate act of reprisal for his union activities, a well planned and skilfully executed maneuver to give the false appearance of a discharge for cause.

To the petitioner, the discharges of Knight and Marutz, under the auspices and at the insistence of Vandivort, respondent's counsel, for their refusal to retract statements they had made, or were supposed to have made, that what Scovel did was com-

1. These were (1) by means of interrogations and threats to reduce rights or privileges or impose more restrictive conditions, discouraging membership in Oil Workers International Union, C. I. O., and (2) discriminatorily discharging three employees, Scovel, Knight, and Marutz.

2. 94 N. L. R. B. No. 24.

mon, indeed universal, practice in the plant, known to and permitted or condoned by the management, were the necessary consequences of their having in effect admitted that they, themselves, were guilty of forbidden practices, the penalty for which was discharge.

To the Board, these lawyer engineered and executed discharges were the final convincing proof that in all that had happened from the beginning of this Union controversy until the end of it, the fine Italian hand of legalism was at work, at the first hidden from view, at the last openly pulling the strings for the dance of the puppets.

In reply to petitioner's claim: that, since Scovel was discharged for an assigned cause, the burden was on the Board to show that Smith knew of his union activity, and that it had not done so; the Board insists that the conclusion from this record as a whole is that Smith knew plenty.

In reply to petitioner's citation of our recent opinion in N.L.R.B. v. Ray Smith Transport Co., 5 Cir., 193 F.2d 142, the Board points with confidence to the very different record in that case and in this, and to the inescapable conclusion from this record that Smith knew all that was to be known about it.

To petitioner's claim: that Vandivort, in pressing King and Marutz for a retraction of their statements while the Scovel charge and complaint against it, as respondent, were pending, was engaged in entirely permissible action; the Board replies that the voice was the voice of Jacob, the hand, the hand of Esau, and that the activities in which he was engaged were forbidden both by the Labor Management Act and by the general considerations which govern public hearings and protect witnesses or possible witnesses thereat from annoyance and high pressuring.

Finally the Board urges upon us: that, whatever might be said of each of the matters of which it complains, if considered singly and apart, all of them taken together form a mosaic or pattern completely plain and clear, in which the equivocal has become the unequivocal, the uncandid the candid.

So urging, it insists that no power of divination in Board or Court is needed here "to trace the hidden equities of divine award or to catch sight through the darkness of the fateful threads of woven fire which connect error with its retribution". There is needed only a knowledge of the facts the record as a whole discloses and the use of right reason to understand and evaluate them.

We find ourselves in agreement with the view that, whatever may be thought of the case made, if the occurrences are viewed and apprehended piecemeal, viewed and apprehended as a whole, the record fully supports the Board's findings: that an anti-union coup was planned, and, but for the intervention of the Board, would have been carried out, to eradicate the union and unionism from the plant in Benton Harbor.

We modify the order, therefore, to restrict it to that plant, by inserting after the words "cease and desist", the words "at its plant at Benton Harbor, Michigan", Cf. N.L.R.B. v. Ford Motor Co., 5 Cir., 119 F.2d 326, at page 331 and order it enforced as modified.

Shell's petition to set the order aside is denied, the Board's petition to enforce it is granted.

On Petition on the Decree or in the Alternative Petition for Rehearing

PER CURIAM.

Paragraph 2(b) of the Proposed Decree of the Board will, in conformity with the opinion of this court in N. L. R. B. v. Seven-Up Bottling Company of Miami, Inc., April 29, 1952, 196 F.2d 424, be amended to read: "2(b). Make whole, Richard E. Scovel, Fred Knight and George Marutz for any loss of pay they may have suffered as a result of Petitioner's discrimination against them over the period between the date of their discharge by Shell Oil Company and the date this company offers them reinstatement under the terms of subparagraph 2(a) above."

As amended, the proposed decree will be entered as the decree of the court.

The motion for rehearing is denied.